NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA DE LOURDES CADENAS SANCHEZ; JOSE GUADALUPE GOBEA CADENAS; ABIGAIL GOBEA CADENAS, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  20-70567 <br><br> Agency Nos.  A209-167-366 <br> A209-167-367 <br> A209-167-368 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2021[**]
Seattle, Washington

Before:  W. FLETCHER, WATFORD, and COLLINS, Circuit Judges.

Maria de Lourdes Cadenas Sanchez and two of her children petition for

review of a Board of Immigration Appeals (BIA) order upholding the denial of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because the children's applications are derivative, we focus here on the claims asserted by the principal applicant, Cadenas Sanchez. We deny the petition for review.

**1.** The BIA correctly rejected Cadenas Sanchez's argument that the immigration judge (IJ) violated her due process right to a full and fair hearing. Contrary to Cadenas Sanchez's contention in her briefs on appeal, she was in fact required to establish prejudice in order to prevail on her due process claim. *See Oshodi v. Holder*, 729 F.3d 883, 896–97 (9th Cir. 2013) (en banc); *Colmenar v. INS*, 210 F.3d 967, 971–72 (9th Cir. 2000). It is true that, to show prejudice, a petitioner need not "explain exactly what evidence [she] would have presented" in the absence of the alleged due process violation. *Colmenar*, 210 F.3d at 972. But a petitioner must provide some basis for concluding that "the IJ's conduct potentially [affected] the outcome of the proceedings." *Id.* (internal quotation marks omitted). Cadenas Sanchez has not provided any basis for reaching such a conclusion here. To take just one example, she faults the IJ for failing to more fully develop the record as to nexus, but the BIA upheld the denial of her asylum and withholding claims on a completely independent ground—her failure to establish past persecution or a well-founded fear of future persecution. The IJ's

alleged failure to more fully develop the record as to nexus thus could not have affected the outcome of her proceedings.

2. Substantial evidence supports the BIA's conclusion that Cadenas Sanchez failed to meet her burden for obtaining asylum, withholding of removal, or protection under CAT. Her asylum and withholding claims were predicated primarily on her husband's verbal and emotional abuse, but because her husband never injured her, the BIA permissibly concluded that the harm she suffered did not amount to past persecution or give rise to a well-founded fear of future persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). As to Cadenas Sanchez's CAT claim, the BIA properly concluded that she failed to establish she would likely face torture if returned to Mexico. *See* 8 C.F.R. § 1208.16(c)(2). The BIA also properly rejected her claim that the IJ failed to consider all of the country conditions evidence.

**PETITION FOR REVIEW DENIED.**